

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 6, 1952

Hon. Allan Shivers            Opinion No. V-1530
Governor of Texas
Austin, Texas                 Re: Legality of using funds ap-
                                  propriated to the Executive
                                  Department for out-of-State
                                  scholarship aid to students
                                  attending schools other than
                                  those participating in the
                                  Southern Regional Education
Dear Governor Shivers:            Compact.

        Your request for an opinion of this office
reads as follows:

        "The Southern Regional Education Compact
    was approved by the 52nd Legislature, and at
    that time the State of Texas became a party
    to the compact.  Senate Bill 405, Acts, 52nd
    Legislature, R. S., 1951, chapter 331, page
    567.  This compact relates to the development
    and maintenance of regional educational serv-
    ices and schools in the southern States in
    the professional, technological, scientific,
    literary, and other fields, and provides for
    the establishment of schools to be utilized
    on a regional basis by the States which are
    parties to the compact.  The compact was
    signed by the Governors of Florida, Maryland,
    Georgia, Louisiana, Alabama, Mississippi,
    Tennessee, Arkansas, Virginia, North Carolina,
    South Carolina, Texas, Oklahoma and West
    Virginia.

        "In the General Appropriation Bill the
    following appropriation is made to the Execu-
    tive Department:

            "'There is hereby appropriated,
        out of any moneys in the State Treas-
        ury not otherwise appropriated, the
        sum of One Hundred and Ten Thousand

Dollars ($110,000) for the fiscal
year beginning September 1, 1951,
and the sum of One Hundred and Twenty
Thousand Dollars ($120,000) for the
fiscal year beginning September 1,
1952, to be expended for participa-
tion by this State in the educational
program under the Southern Regional
Educational Compact administered by
the Board of Control for Southern Re-
gional Education, and for out-of-
State scholarship aid. The moneys
herein appropriated shall be admin-
istered by the Governor. The Governor
may delegate to such State agency or
agencies of higher education as he
may determine the administration of
any part or parts of this appropria-
tion for out-of-State scholarship aid.'
House Bill 426, Acts 52nd Leg., R. S.
1951, Chap. 499, p. 1228 at page 1332.

"The Board of Directors of Texas
Southern University has been delegated the
administration of the appropriation which is
quoted above. In making the allocations for
operation under the Southern Regional Com-
pact, it was stated in a letter from the
Budget Division of the Executive Department
to the President of Texas Southern University
that

"'There may be some need for this
money for out-of-State scholarship
aid for students other than those who
apply to you. If such applications
should be filed, they would be handled
in the regular manner.'

"In previous years there was an appro-
priation made to the Texas Southern University
for out-of-State aid which was used for pro-
viding out-of-State scholarships for those
students who desired to attend schools in
States other than Texas. House Bill 319, Acts
51st Leg., R. S. 1949, Ch. 319, p. 1133, at
page 1146.

"A situation has now arisen concerning a student who desires out-of-State aid to attend a school in a State other than those which are signers to the Regional Education Compact. In past years the funds necessary to provide for this out-of-State education would have come from the out-of-State aid appropriated to the Texas Southern University.

"Is it your opinion that the appropriation to the Executive Department contained in House Bill 426, Acts 52nd Legislature, 1951, was for the purpose of the participation of the State of Texas in the Southern Regional Education Compact as well as to continue the out-of-State aid which has been provided for in past years? Further, if your answer is in the affirmative, may the funds appropriated for out-of-State scholarships be used to send students to schools other than those established under or included in the Southern Regional Education Compact or in a State which is a party to that compact?"

As stated above, the State of Texas became a party to the Southern Regional Education Compact in 1951. S. B. 405, Acts 52nd Leg., supra; Art. 2919d, V.C.S. Section 2 of Senate Bill 405 recites the terms of the Regional Compact, among which is included the following:

"Each State agrees that, when authorized by the Legislature, it will from time to time make available and pay over to said Board /Board of Control for Southern Regional Education/ such funds as may be required for the establishment, acquisition, operation and maintenance of such regional educational institutions as may be authorized by the States under the terms of this Compact, the contribution of each State at all times to be in the proportion that its population bears to the total combined population of the States who are parties hereto as shown from time to time by the most recent official published report of the Bureau of the Census of the United States of America; or upon such other basis as may be agreed upon."

Section 4 provides that the State of Texas shall be represented by the Governor in all matters concerning the regional program, and that he shall have all powers necessary to effectuate the purposes of the Compact.

The Legislature which approved this Regional Compact also appropriated funds to be administered by the Governor for this State's current biennial support of that regional program. Article III of H. B. 426, Acts 52nd Leg., R. S. 1951, ch. 499, at p. 1332, a portion of which is recited hereinabove. The immediate provision following that appropriation reads as follows:

"Payments for tuition and other academic fees out of the moneys allocated from this appropriation by the Governor for out-of-State scholarship aid, may be made directly to the colleges or universities. Payments of the moneys allocated from this appropriation by the Governor for the regional education program purposes may be made directly to the colleges or universities approved by the Board of Control for Southern Regional Education or directly to said Board. No person who has been a resident of this State for less than six (6) years shall be entitled to receive the benefits of the money herein appropriated; and no payment shall be made in behalf of or for the benefit of any such person."

In this appropriation to the Executive Department, it is specifically provided that the sums therein appropriated shall be expended for the educational program under the Southern Regional Education Compact, "and for out-of-State scholarship aid." Further, the Governor is therein authorized to allocate a portion of the appropriation "for out-of-State scholarship aid" and a portion for "the regional education program purposes."

It is observed, further, that prior to the 52nd Legislature's adoption of the Regional Education Compact, the 51st and previous Legislatures provided appropriations biennially for out-of-State aid. H. B. 319, Acts 51st Leg., R. S. 1949, ch. 584, at pp. 1146, 1157. The General Provisions of House Bill 319, supra, provided:

"Subsection (26). The amounts appropriated for Out-of-State Scholarship Aid to the Texas State University for Negroes for each year of the biennium shall be used as scholarship aid to qualified negro students who have been residents of Texas more than eight (8) years for graduate or professional study in approved colleges or universities outside of Texas until such time, in the biennium, as State colleges or universities for negro students offer programs considered by the Board of Directors of the Texas State University for Negroes as equivalent to those in institutions for white students; the out-of-State schools to be approved by, and the students to be selected by the Directors of the Texas State University for Negroes." (The present name of the college is Texas Southern University, Art. 2643f, V.C.S.)

We find no provision in House Bill 426, supra, concerning the current appropriation for such out-of-State aid, which requires that the sum which is allocated for out-of-State scholarship aid shall be expended only for scholarships in the colleges or universities of those States which are parties to the Regional Education Compact. In the light of previous legislation concerning such aid appropriations, we think the 52nd Legislature's purpose in House Bill 426 was to provide lump sum appropriations to cover the separate purposes for which it specifically provided the funds should be allocated. The Legislature did not therein expressly limit nor in our opinion did it intend to limit geographically the use of such scholarship funds to any certain out-of-State colleges or universities.

Accordingly, it is the opinion of this office that the appropriation to the Executive Department contained in House Bill 426, supra, was for the purpose of participation of the State in the Southern Regional Education Compact as well as to continue the out-of-State scholarship aid provided for in past years. Further, there is no requirement in House Bill 426 that the funds appropriated and allocated for out-of-State scholarship aid may be expended only to colleges or universities established under the Compact or geographically located in a State which is a party to that Compact.

## SUMMARY

The appropriation to the Executive Department contained in House Bill 426, 52nd Leg., R.S. 1951, ch. 499, p. 1228, at page 1332, was for the purpose of participation of the State in the Southern Regional Education Compact as well as to continue for out-of-State scholarship aid provided for in past years.

House Bill 426, supra, contains no requirement that the funds appropriated and allocated thereunder for out-of-State scholarship aid may be expended only to colleges or universities established under the Southern Regional Education Compact or geographically located in a State which is a party to that Compact.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

By E. Jacobson
E. Jacobson
Assistant

Mark K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

EJ mm